# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Eleanor F. Cody, James B. Cody, Daniel Bracciale and James J. Raymer,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Fire & Casualty Company,<br><br>Defendant. | Case No. 2:24-cv-04217-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendant's motion to sever the claims of Plaintiff Daniel Bracciale and Plaintiff James J. Raymer from Plaintiffs Eleanor F. Cody and James B. Cody. (Dkt. No. 7). Plaintiffs opposed the motion (Dkt. No. 10), and Defendant replied (Dkt. No. 11). For the reasons set forth below, the Court grants Defendant's motion.

**I.     Background**

Plaintiffs are residents of the Dell Webb Cane Bay 55+ Community who sought recovery under their respective insurance policies with Defendant for damage to their roofs resulting from storms throughout the summer of 2023. (Dkt. No. 10 at 1). Per Plaintiffs, various other residents of the Dell Webb Cane Bay Community insured by State Farm and other homeowners' insurance carriers were approved for total roof replacements following a series of storm events, while "each of the Plaintiffs' claims were singled out and unreasonably denied" following an alleged altercation between a State Farm claims adjuster and a representative of the roofing contractor who constructed Plaintiffs' roofs. (*Id.* at 2; *see also* Dkt. No. 1-1, ¶¶ 31-32). The alleged altercation occurred "[i]n early 2024," when a State Farm claims adjuster, Greg Jones, visited Plaintiff Raymer's residence to inspect his roof. (Dkt. No. 1-1, ¶¶ 19-22). Plaintiffs allege that "[p]rior to the inspection of Plaintiff Raymer's residence, Jones instigated a verbal altercation with [Alex]

1

Diminich," a representative of Plaintiffs' roofing contractor. (*Id.*, ¶ 22). Apparently Peter Mella, the Plaintiffs' public adjuster, "used his own body as a shield to prevent Jones from accomplishing his attempted encroachment [against Diminich] and prevent Jones from escalating his temper tantrum into physical violence against Diminich." (*Id.*, ¶ 23). Per Plaintiffs, Jones has "abused his authority with State Farm by improperly denying and continuing to deny Plaintiffs' claims as a result of his "personal dislike for Diminich and Mella." (*Id.*, ¶ 28). Plaintiffs explain that the altercation is "the common precipitating event that will be directly relevant to each of the Plaintiff's claims" as "[a]fter the Greg Jones altercation, the Plaintiffs were subjected again to a common series of occurrences – the coverage denials by State Farm," such that common issues and questions of law and fact exist among each of the Plaintiffs. Plaintiffs bring claims of breach of contract, negligence, bad faith failure to pay benefits and bad faith handling of their claims resulting from Defendant's denial of Plaintiffs' claims. (Dkt. No. 1-1).

Defendant moves to sever Plaintiffs' claims, arguing that "Plaintiffs' claims do not relate to or arise under the same transaction or occurrence and, in any event, joinder of Plaintiffs' separate breach of contract and bad faith claims—which will require three mini-trials within one proceeding—does not serve judicial economy and will result in jury confusion and prejudice to State Farm." (Dkt. No. 7 at 6). As each roof was insured by a different policy and damage was alleged to have occurred out of multiple storm events, Defendant argue there is no common transaction or occurrence for purposes of permissive joinder. (*Id.* at 6-7). Defendant also highlights that "the joinder of Plaintiffs' claims for damage to different properties insured under separate policies and handled by State Farm under separate insurance claims does not serve the interest of judicial economy given the individual burdens of proof and persuasion [and] the differing documentary proof necessary for each of the Plaintiffs' claims" as well as the risk of

2

prejudice to State Farm if Plaintiff Raymer is permitted to introduce evidence of bad faith as to the handling of his claim arising from the altercation. (*Id.* at 7, 10).

## II.     Legal Standard

Rule 20 governs permissive joinder of parties and provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F.3d 206, n.5 (4th Cir. 2007). Additionally, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Rule 21 provides that a court may "sever any claim against a party." Fed. R. Civ. P. 21. "Under Rule 21, 'a court has virtually unfettered discretion in determining whether or not severance is appropriate.'" *Grayson Consulting, Inc. v. Cathcart*, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (quoting *17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005)). The court should consider the following factors in determining whether severance is proper: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." *Grayson*, 2014 WL 1512029, at *2 (quoting *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007)).

3

### III.    Discussion

The Court finds that Plaintiffs' respective coverage claims for roof damage do not arise from the same transaction, occurrence, or series of transactions or occurrence, making joinder of the parties improper. Plaintiffs individually obtained their respective insurance policies from Defendant. (Dkt. No. 1-1, ¶¶ 1-4, 7). They do not allege damage rising from any singular weather incident, but from "one or more storms" throughout the summer 2023 to their respective roofs. (*Id.*, ¶¶ 14, 16). As State Farm notes, Plaintiffs "do not allege their roofs were of the same age and suffered the same hail damage." (Dkt. No. 7 at 3). That Plaintiffs may have sustained damages from the same weather events and pursue similar legal theories against the same defendant do not satisfy Rule 20's requirement that joined claims by separate plaintiffs arise out of the same transaction or occurrence. *See Murray v. Standard Fire Ins. Co.*, No. 13-CV-5990 JS AKT, 2013 WL 6667340, at *3 (E.D.N.Y. Dec. 17, 2013) (holding that Plaintiffs' claims were improperly joined and noting that the presence of a common defendant or single natural disaster were insufficient to satisfy Rule 20(a)); *Dante v. Nat'l Flood Ins. Program*, No. 13-CV-6297 ARR JO, 2013 WL 6157182, at *3 (E.D.N.Y. Nov. 22, 2013) ("Plaintiffs' claims arise under different policies and from damage that is unique to each property. Thus, as in the Katrina cases, the facts relating to each of their claims will be unique and require the presentation of separate evidence."); *Boston Post Rd. Med. Imaging, P.C. v. Allstate Ins. Co.*, No. 03 Civ. 3923(RCC), 2004 WL 1586429, at *2 (S.D.N.Y. July 15, 2004) (reasoning that even if insurance policies were identical, the legal and factual issues inherent to each claim may be distinct as basis for severing claims).

Nor does the alleged altercation between Jones and Diminich constitute a common occurrence justifying joinder of Plaintiffs' claims. Plaintiffs' theory is that this altercation led State Farm to deny each of Plaintiffs' roofing replacement claims in retribution for Jones' dislike

4

of the representative of their common roofing contractor. (Dkt. No. 10 at 2). In Plaintiffs' view, this is the only explanation regarding the denial of their claims where their neighbors, who were allegedly insured by either State Farm or another homeowners' insurance carrier, received coverage arising from similar claims. (*Id.*). In other words, Plaintiffs rely entirely on speculation to join their claims, which at their core involve the improper denial of insurance coverage by Defendant to each individual Plaintiff under their respective homeowners' insurance policy.

Rule 21 counsels in favor of severing Plaintiffs' claims. An assessment of each Plaintiff's claim will require different documentary proof regarding their own policy and damage to their roof. While there may be some overlap regarding the factual and legal issues in each case, the Court considers that trying Plaintiffs' claims together risks prejudicing both Plaintiffs and State Farm by confusing the jury regarding the details of each homeowners' policy, roof damage and the particulars surrounding the handling of their coverage claim. As noted by Defendant, "counsel for the parties can work together to devise a plan to consolidate or use any overlapping discovery in more than one of the cases where appropriate, so as to avoid overlapping or duplicative expenses." (Dkt. No. 7 at 11) (quoting *Forrest*, 2019 WL 13259407, at *2). The Court is satisfied that severing Plaintiffs' claims will serve judicial economy and the interests of justice.

In the event of severance, Plaintiffs have requested that their claims be remanded to the Berkeley Court of Common Pleas as each claim for roofing replacement (estimated to cost $30,000) falls below the $75,000 jurisdictional threshold for this Court to exercise diversity jurisdiction. (Dkt. No. 10 at 7). Defendant opposes the requested remand, highlighting that "[n]one of the Plaintiffs have stipulated he or she neither seeks nor will accept more than $75,000 now or at any time in this litigation" given that Plaintiffs seek recovery of consequential and special damages of an unspecified amount in addition to actual damages. (Dkt. No. 11 at 9). The Court

defers decision on this issue until such time as Plaintiffs stipulate as to their total requested damages or move for the requested relief.

### IV. Conclusion

In light of the foregoing, Defendant's motion is **GRANTED.** Plaintiffs are directed to file a motion in support of their requested relief.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel<br>
Richard Mark Gergel<br>
United States District Judge

October 4, 2024
Charleston, South Carolina